Curia, per
Evans, J.
By the bill of lading, the plaintiff undertook to deliver the goods to the defendant at Pilatka, the dangers of the seas only, excepted, he, the defendant, paying freight for the same at the prices stipulated. This is an entire contract, and unless there be a performance on the part of the carrier, the owner is not bound to pay freight. This is clearly decided in the case of Hunter vs. Princeps and others, 10 Ea. R., 377. In that case, Lord Ellenborough says, “ the ship owners undertake that they will carry the goods to the place of destination, unless prevented by the dangers of the seas, or other unavoidable casualties, and the freighter undertakes that if the goods be delivered at the place of their destination, he will pay the stipulated freight; but it is only on that event, viz: of their delivery at the place of destination, that he, the freighter, engages to pay any thing.” The same doctrine has been fully recognized in the Supreme Court of the United States, in 7 Cranch, 362, and I have been able to find no case, either English or American, which sustains a contrary position. The general rule is admitted to be as stated; but it is supposed that the usage of trade in Charleston has established a different rule. If a particular custom be well established and understood, it becomes a part of the law; and contracts made at the place where such custom prevails, are construed in reference to the custom. But such custom must be clearly established, and I do not think the evidence of a single individual is enough to establish a usage of trade for Charleston, different from the general rule which governs at all other places, both in England and America. If the ship be wrecked and the goods are lost by the perils of the sea, no freight is due, because the condition precedent has not been performed. The only cases where the owner of the goods is bound to pay full freight without delivery, are those in which the goods have been thrown overboard for the general benefit, or so used as to make the loss of them, a subject of general average. In *324 such cases, the payment of the general average is a substitution for delivery, and subjects the owner to the payment. There are some cases, where the owner is liable to pay partial freight or pro rata itineris, but the obligation to pay this can arise only from an agreement to accept the goods at a place, short of the place of destination. In the case of Hunter vs. Princeps, before quoted, the- vessel had been captured, re-captured and carried into St. Kitts, where she was wrecked, and the goods sold by order of the Court of Admiralty, on the application of the Captain, but without orders. The sale was made for the benefit of all concerned, and the application on the part of the Captain for the sale bona fide. Y et it was held, the shipper was not bound to pay freight even pro rata itineris, but was entitled to recover for his goods, without any deduction for freight. The only ground upon which the plaintiff’s case can be placed with any appearance of plausibility is, that in the condition in which the Captain was placed, he was so far the agent of the shipper, as to be authorized to determine on the expediency of selling the damaged goods, for the benefit of the owner. Now, it does not seem to me, this position can be maintained. There.is no authority to sustain it. The master is the general agent for the ship owners, and cases may arise, in which his act might bind both the insured and insurer; but I have found no case where, on the question of freight, he is considered the agent of the shipper, in a matter of personal interest to himself. It would involve the absurdity, that one of two parties to a contract, was the agent of the other, to determine the expediency and necessity of dispensing with the performance of his part of the agreement. But besides this, the liability of such an agency to abuse, and the strong temptation to abuse it, are sufficient reasons why no such principle should be established as a part of the law of the contract. Cases may arise, in which there may exist a necessity for disposing of a damaged cargo. - If it be for the general benefit, it may be a subject of general average. But in all other cases, the shipper has a right to insist on the delivery of the goods, as a condition precedent to the payment of freight. It is no answer, to say the ship owner acted bona fide, and the sale was for his benefit. He has commissioned no one *325 to judge for him on that subject. He may prefer to have the goods in a damaged state. It is his right, and cannot be withheld from him, without a forfeiture of the demand for freight. The opinion of this court is, that the circuit decision was right; and the motion is dismissed.
Richardson, O’Neall, Bhtler, and Wardlaw, JJ., concurred.